933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard R. DROBIL, Plaintiff-Appellant,
v.
Robert BROWN, Director, Michigan Department of Corrections,
Dan Bolden, Director, Bureau of Correctional Facilities,
Dennis Dyke, Classifcation Specialist, Bureau of
Correctional Facilities, Joseph McAlary, Assistant Deputy
Warden of Security, Southern Michigan Prison Trusty
Division, Jan Trombley, Assistant Deputy Warden of Housing,
Southern Michigan Prison Trusty Division, W. Terry,
Assistant Resident Unit Manager, Southern Michigan Prison
Trusty Division, Defendants-Appellees.
 No. 91-1039.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. Additionally, plaintiff has filed a motion to waive the filing of an appendix and a motion for counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff brought this prisoner civil rights action against several prison officials in connection with a change in his security classification and place of incarceration. He also alleged that his hold-over in "top lock" for three days prior to the transfer constituted cruel and unusual punishment in violation of the eighth amendment. Plaintiff sued the defendants in their official capacities for declaratory, injunctive and monetary relief.
 
 
 3
 The matter was referred to a magistrate who issued a report recommending that the defendants' motion to dismiss be granted. The district court ultimately adopted the magistrate's recommendation, over plaintiff's objections, and the instant appeal followed.
 
 
 4
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that plaintiff can prove no set of facts showing that he is entitled to the relief he seeks. See Dana Corp. v. Blue Cross & Blue Shield Mutual, 900 F.2d 882, 885 (6th Cir.1990).
 
 
 5
 Plaintiff does not have a constitutional or state-created right at a particular security classification or a right to be incarcerated at a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Moreover, plaintiff fails to allege any specific instances of any unnecessary and wanton infliction of pain associated with his security transfer or conditions of confinement sufficient to state an eighth amendment claim for cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 320-22 (1986). Finally, dismissal is proper to the extent plaintiff sought monetary damages against defendants. The complaint does not state that the defendants are sued in their individual capacities. State officials sued in their official capacities for money damages are not persons subject to suit under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 6
 For the foregoing reasons, the motion to waive the filing of the appendix is granted, the motion for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.